

# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# ALEXANDRIA DIVISION

| | |
|---|---|
| **MICHAEL J. GOINS** | **CIVIL ACTION NO. 08-01154** |
| -vs- | **JUDGE DRELL** |
| **P & O PORTS LAKE CHARLES** | **MAGISTRATE JUDGE KIRK** |

## R U L I N G

Before this court is an unopposed motion for summary judgment filed by defendants Lake Charles Stevedores Incorporated and PORTS Insurance Company ("defendants") (Doc. 3). Plaintiff, Mr. Michael Goins, complains of defendants' cessation of the award payments ordered by an administrative law judge ("ALJ") following an adjudication of plaintiff's Longshore and Harbor Workers' Compensation Act ("LHWCA") claims. Plaintiff's suit seeks enforcement of the ALJ's order awarding him benefit payments. Defendants contend that payments under that prior order ceased only after they made final payment of compensation claims and after the ALJ ordered a suspension of medical benefits when plaintiff refused to submit to an independent medical examination by defendants' physician. Defendants move for summary judgment on these grounds and argue further that this courts lacks jurisdiction to decide anything other than the legality of the ALJ's orders and the defendants' compliance with those orders. Because plaintiff's complaint asks us to do more than this, the motion will be granted.

## I. Summary Judgment Standard

Rule 56(c) of the Federal Rules of Civil Procedure states that summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). A genuine issue of material fact exists if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249–50 (1986). If the movant produces evidence tending to show there is no genuine issue of material fact, the nonmovant must then direct the Court's attention to evidence in the record sufficient to establish the existence of a genuine issue of material fact for trial. *Eason v. Thaler*, 73 F.3d 1322, 1325 (5th Cir. 1996) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 321–23 (1986)). All inferences are to be drawn in the light most favorable to the nonmovant. *Herrera v. Millsap*, 862 F.2d 1157, 1159 (5th Cir. 1989). However, mere conclusory allegations are not competent summary judgment evidence, and such allegations are insufficient to defeat a motion for summary judgment. *Brock v. Chevron U.S.A., Inc.*, 976 F.2d 969, 970 (5th Cir. 1992).

## II. Analysis

Defendants' motion argues from the language of § 921 of the Longshore and Harbor Workers' Compensation Act, upon which plaintiff's complaint rests[1]:

---

[1] The other possible mechanism for seeking enforcement in a federal district court is the "supplementary order." Where permissible, a supplementary order is obtained from a United States Department of Labor deputy commissioner as a method of determining the issue of non-compliance administratively before filing in federal court. This allows the claimant to secure payment of the default immediately in federal court, which must determine only that the order is in "accordance with law." 33 U.S.C. § 918(a) (2001). As there has been no mention or filing of a supplementary order evidencing default on defendants' part, § 918(a) is inapplicable here.

(d) **District court; jurisdiction; enforcement of orders; application of beneficiaries of awards or deputy commissioner; process for compliance with orders**

> If any employer or his officers or agents fails to comply with a compensation order making an award, that has become final, any beneficiary of such award or the deputy commissioner making the order, may apply for the enforcement of the order to the Federal district court for the judicial district in which the injury occurred (or to the United States District Court for the District of Columbia if the injury occurred in the District). If the court determines that the order was made and served in accordance with law, and that such employer or his officers or agents have failed to comply therewith, the court shall enforce obedience to the order by writ of injunction or by other proper process, mandatory or otherwise, to enjoin upon such person and his officers and agents compliance with the order.

33 U.S.C. § 921 (2001). The Fifth Circuit interprets this statute strictly:

> The scope of the district court's inquiry under § 921(d) is limited to answering two questions: first, was the compensation order made and served in accordance with law, and second, has the employer failed to comply with it? If the answers are "yes" to both questions, the statute requires the district court to enforce the order.

*Vincent v. Consol. Operating Co.*, 17 F.3d 782, 786 (5th Cir. 1994).

### A. First Inquiry

The requirement that an order be "in accordance with the law" in § 921(d) has not been expanded upon by the Fifth Circuit in reviewing LHWCA order enforcement claims. However, it has tackled this phrase in the context of reviewing *supplementary* LHWCA orders, see n.1, *supra*, through the mechanism of § 918(a):

> Upon the [supplementary] order's filing in district court, it will be enforced if it is "in accordance with law." 33 U.S.C. § 918(a). In *Abbott*, we reviewed the procedural requirements of the statute governing the[se] orders. We found that Section 918 required such steps as an investigation of the claimant's application, notice to all interested parties, an opportunity for a hearing, and a determination of the amount of the default. 889 F.2d

3

at 629. We then found that the order of default will be "in accordance with law" if the procedural requirements are met.

*Carillo v. La. Ins. Guar. Ass'n*, No. 08-30359, slip op. at 3 (5th Cir. Feb. 17, 2009) (citing *Abbott v. La. Ins. Guar. Ass'n*, 889 F.2d 626, 630 (5th Cir. 1989)). The "procedural requirements" discussed in *Abbott* are those of an *original* compensation claim as set forth in § 919 of the LHWCA, *Abbott*, 889 F.2d at 629, also applicable to § 918(a) supplementary order proceedings. Defendants have attached to their motion the ALJ's May 8, 2007 decision and order granting benefits and its certificate of service. (Doc. 3-5). This court finds that the ALJ's decision and order reflect that the steps for deciding a claim under the LHWCA, "such steps as an investigation of the claimant's application, notice to all interested parties, an opportunity for a hearing, and a determination of the amount of the default," were met in the order granting plaintiff's claims for compensation. Thus, as to the first inquiry, we answer "yes" and find that the compensation order was made and served in accordance with the LHWCA.

B.    **Second Inquiry**

Defendants have submitted evidence of their compliance with the ALJ's May 8, 2008 order that they compensate plaintiff for his wage claims following injuries. (Doc. 3-6, 7, 8, *Notices of Final Payment*; 9, *Affidavit of H. Stephen Arceneaux*). Further, they have submitted a July 29, 2008 decision and order of the ALJ suspending compensation payments when plaintiff refused to submit to an independent medical examination under § 907(d)(4) of the LHWCA. (Doc. 3-10). Plaintiff has submitted no evidence of defendants' non-compliance with the initial order nor that anything in the subsequent suspension of benefits was procedurally improper. This court finds that defendants

4

were compliant with the ALJ's compensation orders upon which plaintiff bases his complaint.

## III. Conclusion

It would seem that what plaintiff complains of is *compliance* with the order suspending payment of compensation benefits. We understand this to be the basis of plaintiff's complaint—and because Congress limits judicial review of LHWCA compensation decisions to statutory procedural conformity, prohibiting us from delving into the merits of the ALJ's decision—we are without jurisdiction to review plaintiff's complaint. Because this court lacks jurisdiction to handle plaintiff's complaint, we should not decide any other issues on the merits. Accordingly, we pretermit consideration of any other grounds in the motion.

As plaintiff complains of the same wrongs with regard to the other named defendants, J. J. Flanagan Stevedores Company and Signal Mutual Indemnity Association, we are without jurisdiction to pass on his complaint as to them.

Defendants' motion for summary judgment (Doc. 3) will be GRANTED. Plaintiff's present complaint will be DISMISSED WITH PREJUDICE.

SIGNED on this 3rd day of April, 2009 at Alexandria, Louisiana.

DEE D. DRELL
UNITED STATES DISTRICT JUDGE

5